## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **CURTIS E. CRAWFORD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:05-0744** |
| | ) | |
| **CHARLES T. FELTS, Warden,** | ) | |
| **FCI Beckley,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On September 9, 2005, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) As grounds for claiming entitlement to relief under § 2241, Petitioner states as follows:

1. Unlawful revoking of parole on June 4, 2004. Petitioner Crawford was released on mandatory release with release paper approved by U.S. Parole Commission which showed full term November 4, 2004.

2. Unlawful placement in sex offender unit. When Petitioner was released on June 4, 2004, he had no special condition; yet, he was illegally placed in sex offender unit by D.C. Parole authority.

3. Unlawful taking of 'street time'. Where Petitioner was forced out of prison and on mandatory release without signing paper, the taking of street time and good time was improper.

4. It was not the intent of the U.S. Congress that D.C. inmates sentences be extended by the U.S. Parole Commission to the sole purpose of keeping its doors open after the U.S. Congress abolished the agency and temporarily allows it to handle D.C. Parole.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Document No. 1, p. 7.) On September 21, 2005, the undersigned filed an Order requiring Respondent to show cause why the Writ of Habeas Corpus sought by Petitioner should not be granted. (Document No. 8.)

On October 12, 2005, Respondent filed his Response to Order Issued September 21, 2005. (Document No. 13.) Respondent states that prior to filing his Petition herein, Petitioner filed a Petition for a Writ of Habeas Corpus in the Superior Court of the District of Columbia and a Petition for a Writ of Habeas Corpus in the Western District of Oklahoma raising "substantially identical issues." Respondent asserts that Petitioner's Petition in this case is successive and "[g]iven that petitioner has two petitions currently pending in two separate forums raising the same claims presented herein, the instant petition should be dismissed for abuse of the writ."[2] Addressing

---

[2] Respondent attaches documents as Exhibit 1 to his Response indicating that Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody in the Western District of Oklahoma, *Crawford v. Callahan*, Case No. CIV-05-895-M, on August 5, 2005, stating the following grounds:

1. Improper parole violator warrant and revoking of parole to cover up malfeasance and error.

2. Parole supervision ended November 4, 2004, and bogus warrant on March 10, 2005, was illegal, arbitrary, false.

3. Unconstitutional imprisonment without due process, and ineffective assistance of counsel.

4. Improperly taking 'street time' by bogus revoking of parole for supervision when properly released on mandatory release without supervision.

The Oklahoma District Court issued an Order for Response to Petitioner's Petition, and Respondent moved to dismiss under 28 U.S.C. § 2244(a) on grounds that the action was successive and further moved for summary judgment. United States Magistrate Judge Bacharach filed a Report and Recommendation on January 24, 2006, that Respondent's Motion to Dismiss should be denied because "28 U.S.C. § 2244(a) applies only when a prisoner challenges his detention 'pursuant to a judgment of a court of the United States.' Mr. Crawford was convicted and sentenced in the Superior

Petitioner's specific claims, Respondent contends as follows:

1.     Petitioner's full term date was May 3, 2006. Petitioner was subject to supervision for his full term minus 180 days. Petitioner was subject to supervision therefore until November 4, 2005. Petitioner's claim that he was mandatorily released with a full term date of November 4, 2004, is not supported by the record.[3]

2.     The U.S. Parole Commission did not place Petitioner in the sex offender unit. District of Columbia's Court Services and Offender Supervision Agency [CSOSA] placed Petitioner in the unit it deemed appropriate.

3.     Petitioner's "street time" credit was not revoked improperly. Citing U.S. Parole Commission v. Noble, 693 A.2d 1084, 1085 (D.C. 1997), 711 A.2d 85 (D.C. 1998), Respondent states that "it is settled law that D.C. Code offenders who violate the conditions of supervision, and whose release is revoked, do not receive credit towards their sentence for the time they spent on supervision." This, Respondent argues, does not offend the Thirteenth Amendment of the United States Constitution.[4]

4.     Petitioner's claim that the U.S. Parole Commission violated the Constitution and statutory law by extending his sentence and the sentences of other D.C.

---

Court of the District of Columbia, which is considered the equivalent of a state court rather than a federal court." Magistrate Judge Bacharach recommended that Respondent's Motion for Summary Judgment should be granted with respect to Petitioner's claims respecting the invalidity of the Parol Violator Warrant, termination of his supervision on November 4, 2004, ineffective assistance of counsel and the invalidity of the revocation of Petitioner's "street time." Petitioner filed objections to the Report and Recommendation on February 8, 2006. The District Court has not yet ruled in consideration of Magistrate Bacharach's recommendation and Petitioner's objections.

Respondent attaches further documents indicating that Petitioner filed a Motion for Writ of Habeas Corpus pursuant to D.C. Code 16-1901 on May 31, 2005, in the Superior Court of the District of Columbia, SP-1379-05. It appears that Petitioner asserts that his right to a timely probable cause hearing was violated when he was arrested on February 4, 1999. He does not make this claim in the instant case.

  [3] Respondent notes that "[t]he Bureau of Prisons prepared the mandatory release certificate, and erroneously listed the full term date of May 3, 2006, and not the 180-day date of November 4, 2005." (Document No. 13, p. 1, fn. 1.)

  [4] The Thirteenth Amendment of the United States Constitution, Section 1, provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

offenders in order extend it term of operation though it has been abolished is
without merit. Respondent points out that "making parole revocation
decisions for D.C. Code offenders is only one of many duties assigned by
statute to the U.S. Parole Commission . . .."

For these additional  reasons, Respondent asserts that this action must be dismissed.[5]

On October 25, 2005, Petitioner filed a Response and Reply to Respondent's Claims.
(Document No. 14.) Petitioner states that "Respondent failed to present documents in the parole file
that show full term date of November 4, 2004, which is/was in their possession at the revocation
hearing of June 1, 2005." (Id., p. 1.) Petitioner states that no documents indicate a date of
termination of supervision of November 4, 2005. Rather, several documents approved by the U.S.
Parole Commission indicate that November 4, 2004, was the date Petitioner's supervision was to
terminate. (Id., ¶ 6.) Petitioner states that U.S. Parole Commission v. Noble as cited by Respondent
does not address his claim of violation of the Thirteenth Amendment. (Id., ¶ 1.) Petitioner states that
the District of Columbia has failed to consider the Thirteenth Amendment in revoking "street time"
and this has "allowed the creation of a new sentence outside that prescribed by the Court." (Id., ¶
2.) Thus, Petitioner clams that his sentence has been unlawfully prolonged in violation of the
Thirteenth Amendment. (Id., ¶¶ 11 and 12.) Petitioner acknowledges that his case in Oklahoma is
similar to this case insofar as he raised issues respecting the parole revocation process, but he did
not raise his  Thirteenth Amendment issue in that case. (Id., ¶ 7.) Petitioner further asserts that his
Petition in this case cannot be considered successive to those in the D.C. Superior Court and the
Western District of Oklahoma as Respondent claims "where the Government has changed

---

[5] Respondent refers to copies of documents attached as exhibits to his Response. The
undersigned relates information contained in these documents in the "Factual Background" section
of this Proposed Findings and Recommendation below.

jurisdiction of Petitioner . . . prior to a decision in habeas corpus." (<u>Id.</u>, ¶ 4.) Petitioner claims that there can be no abuse of the writ as Respondent argues "where the Government has not shown burden of proof in case in which no judgement has been entered in Federal Courts." (<u>Id.</u>, ¶ 8.) Apparently addressing the issue of his placement in a sex offender unit, Petitioner states that documents approved by the U.S. Parole Commission do not indicate that he was to be subject to any special conditions of release. (<u>Id.</u>, ¶ 5.) Finally, Petitioner requests appointment of counsel.

On November 10, 2005, Petitioner filed a Motion to Supplement his Response. (Document No. 15.) Petitioner asserts that Respondent cannot dispute that he was transferred from regular parole supervision to sex offender parole supervision without the authorization of the U.S. Parole Commission in violation of 28 C.F.R. § 2.91(b) and this led to the improper revocation of his mandatory release.[6] Petitioner requests reinstatement to mandatory release and credit for all "street time" and "good time".[7]

Having conducted a thorough examination of the record in this case, the undersigned concludes that this matter must be dismissed.

## **FACTUAL BACKGROUND**

Petitioner was convicted of second degree murder and sentenced to three to twenty years in prison in 1972. *See* Exhibit A attached to Respondent's Response (Document No. 13); <u>Crawford v.</u>

---

[6] 28 C.F.R. § 2.91(b) states as follows:

A parolee or mandatory releasee may be transferred to a new district of supervision with the permission of the supervision offices of both the transferring and receiving district, provided such transfer is not contrary to instruction from the Commission.

[7] The Bureau of Prisons' Inmate Locator indicates that Petitioner's projected date of release is October 6, 2006.

Jackson, 323 F.3d 123, 124 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 856, 124 S.Ct. 150, 157 L.Ed.2d 102 (2003.)[8] It appears that Petitioner was convicted of charges of assault and destruction of property and sentenced to twelve to thirty-six months in prison in 1980. *See* Exhibit B attached to Respondent's Response. The United States Court of Appeals for the District of Columbia stated in Crawford v. Jackson, 323 F.3d at 124, that Petitioner "has violated parole on numerous occasions." The Crawford Court stated that Petitioner was paroled on November 14, 1996, and arrested on February 4, 1999, on charges that he committed an aggravated assault. Id. It appears that Petitioner was held for a period of time after his arrest at the District of Columbia's Correctional Complex in Lorton, Virginia, and transferred to FCI Petersburg, Virginia, in 2000. Crawford, 323 F.3d at 125. Pursuant to a "Certificate of Mandatory Parole or Mandatory Release District of Columbia Code Offender" dated May 19, 2004, Petitioner was release again on parole from FCC Petersburg on June 4, 2004. The Certificate indicates that Petitioner's "release was via Mandatory Release" and not Mandatory Parole and his full-term date minus 180 days was May 3, 2006.[9] The Certificate states that "[u]pon release, the above-named person is to remain under the jurisdiction of the United States Parole Commission, as if on parole, under the conditions set forth on the reverse side of this certificate, and is subject to such conditions until and including: * * * 05-03-2006." The Certificate

---

[8] It appears from Respondent's Exhibit A that Petitioner pled guilty to second degree murder. The D.C. Circuit indicates, however, that he was convicted by a jury.

[9] 28 C.F.R. § 2.87(b) provides as follows respecting Mandatory Release:

Any prisoner having served his or her term or terms less deduction for good time shall, upon release, be deemed to be released on parole until the expiration of the maximum term or terms for which he or she was sentenced, except if the offense of conviction was committed before April 11, 1987, such expiration date shall be less one hundred eighty (180) days. Every provision of these rules relating to an individual on parole shall be deemed to include individuals on mandatory release.

further states that "[t]he above-named person was released on the 04 day of June, 2004 with the total of 698 days remaining to be served to his full term date or 180 day date as indicated above." Petitioner signed the Certificate and in doing so acknowledged that "I have read, or had read to me, the conditions of release printed on the attached conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any of these conditions, I may be recommitted." The Conditions of Release clearly indicate that Petitioner was to report for supervision. The last of the sixteen Conditions of Release required that "[i]f you have been convicted of any sexual offense under District of Columbia or federal law . . ., you must report for registration in your state (including the District of Columbia) sex offender registration agency . . .." *See* Exhibit C-1 attached to Respondent's Response. Petitioner was charged with four violations of his parole in an Alleged Violation(s) Report dated March 8, 2005: (1) failure to report as directed; (2) illegally possessing, using, selling or purchasing a narcotic drug, controlled dangerous substance or related paraphernalia; (3) failure to cooperate with supervision; and (4) failing to submit to the District of Columbia Court Service and Offender Supervision Agency's [CSOSA's] graduated sanctions. An expedited Parole Violator Warrant was requested, approved and issued. *See* Exhibits D and E-1 through E-3 attached to Respondent's Response. Petitioner was arrested on March 25, 2005, and a probable cause hearing was held on March 29, 2005. Petitioner offered "no comment" to the charges that he violated the conditions of his release on parole, and the hearing examiner found probable cause. It appears that Petitioner complained that he had been placed in a sex offender unit with no explanation for it at the hearing. *See* Exhibit F attached to Respondent's Response. A final revocation hearing was held on June 1, 2005, with Petitioner represented by counsel. Petitioner's counsel objected to the proceedings claiming that Petitioner did not know he was on

7

parole after he was released on June 4, 2004. The Hearing Summary states the decision of the

hearing examiner in view of Petitioner's counsel's objection as follows:

> The subject believed his full term date was 11/4/04 and the 180-day rule applied to
> him. This appears to be inaccurate in that the parole certificate of mandatory release
> indicates that the subject was released on 6/4/04 but his full term date minus 180
> days was 5/3/06, as documented on the mandatory certificate dated 5/19/04. The
> subject's attorney provided a notice of release in arrival form that the inmate did not
> sign, which indicated yes supervision was to follow. However, there is another
> document which is a notice of release in arrival that shows that subject was not going
> to be on supervision upon his release. These documents are in conflict with each
> other regarding supervision. However, a reporting instructions sheet provided by
> CSOSA indicates that the subject was immediately required to report for supervision
> that information is dated 5/27/04. This examiner overruled the objection for the
> simple fact that the certificate of mandatory parole, which is signed by the subject
> on 5/19/04, indicates that he knew he was on supervision until 5/3/06.

*See* Exhibit G attached to Respondent's Response. Petitioner's mandatory release was revoked, and

he was not credited with the time he spent on mandatory release. *See* Exhibit H attached to

Respondent's Response. Petitioner appealed claiming that the Parole Commission did not follow

correct procedures in deciding his case; he did not know that he was required to report for supervision

after he was released from custody on November 4, 2004; his attorney at the revocation hearing was

ineffective; he was illegally placed in the sex offender supervision unit with CSOSA; and his sentence

computation was in error. The National Appeals Board found that none of his claims had merit. The

Appeals Board stated that "[t]he record shows that, before your release, you signed a mandatory

release certificate acknowledging the conditions of release, which include reporting for supervision.

Any defect in that notice because of conflicting information in other documents prepared by the

Bureau of Prisons or the supervision agency was cured when you reported for supervision on June 17,

2004 and your supervision officer discussed the conditions of supervision." Respecting Petitioner's

claim that he was illegally assigned to the sex offender supervision unit, the Appeals Board stated

"[t]he decision to assign releasees to a particular unit is at the discretion of the supervision agency."

8

*See* Exhibit I attached to Respondent's Response.

## **DISCUSSION**

A prisoner seeking *habeas corpus* relief under Section 2241 must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). When a petitioner raises issues in more than one petition under § 2241, Courts either regard the abuse of the writ doctrine applicable or 28 U.S.C. § 2244(a).[10] *See* Singletary v. Dewalt, 2005 WL 1162940 (E.D.Va.)(Upon consideration of rulings of other Courts in other contexts, United States Magistrate Judge Miller found in his Report and Recommendation that "the successive petition doctrine of § 2244(a) does bar a § 2241 petition alleging the same grounds as were denied by a prior § 2241 petition.") The undersigned finds that while Magistrate Judge Bacharach's Report and Recommendation remains for consideration in the Western District of Oklahoma, the District Court has yet to rule finally in consideration of Magistrate Judge Bacharach's recommendations and Petitioner's objections. There has therefore been no denial of Petitioner's claims in that Court which would make consideration of those same claims in this Court successive. For this reason, the undersigned finds that this matter cannot be dismissed pursuant to the abuse of the writ doctrine or § 2244(a). The District Court must therefore consider Petitioner's claims in view of the law and regulations applicable to District of Columbia Code felony offenders.

Under the Parole Commission and Reorganization Act of 1976 [Parole Act of 1976], P.L.

---

[10] 28 U.S.C. § 2244(a) provides as follows:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

94-233, 90 Stat. 222, codified at 18 U.S.C. §§ 4201-4218 (repealed Nov. 1, 1987), the USPC is vested with the sole discretion to revoke a parolee's term of parole. *See* 18 U.S.C. §§ 4203(b),[11] 4218(d) (1976), *repealed*, Pub.L. 98-473, Title II, § 218(a)(5), Oct. 12., 1984, 98 Stat. 2027.[12] Generally, therefore, when a decision of the United States Parole Commission [USPC] is challenged in *habeas* proceedings, judicial review is limited to determining whether the USPC abused its discretion by violating a constitutional, statutory or regulatory provision. *See* Garcia v. Neagle, 660 F.2d 983, 987-89 (4th Cir. 1981)(Finding that the USPC's substantive decision setting prisoner's presumptive parole date was not subject to judicial review under an abuse of discretion standard). Under 18 U.S.C. § 4214(d), the USPC need find only that a preponderance of the evidence supports the parole violation. 18 U.S.C. § 4214(d). Nothing prohibits the USPC from considering unadjudicated allegations or arrest reports in the parole revocation process. *See* Mullen v. United States Parole Comm'n, 756 F.2d 74, 75 (8th Cir. 1985)(finding that the USPC was not barred from considering for revocation purposes, criminal charges that were dismissed for "lack of prosecutorial

---

[11] Title 18, U.S.C. § 4203(b) provides in part:

(b) The Commission, by majority vote, and pursuant to the procedures set out in this chapter, shall have the power to –
    (1) grant or deny any application or recommendation to parole any eligible prisoner;
    (2) impose reasonable conditions on an order granting parole; [and]
    (3) modify or revoke an order paroling any eligible prisoner.

[12] Title 18, U.S.C. § 4218(d) provides:

Actions of the Commission pursuant to paragraphs (1), (2), and (3) of section 4203(b) shall be considered actions committed to agency discretion for purposes of section 701(a)(2) of title 5, United States Code.

merit."); <u>Whitehead v. United States Parole Comm'n</u>, 755 F.2d 1536, 1537 (11th Cir. 1985)(finding that the USPC may consider *inter alia*, arrest reports, as evidence to revoke parole.).

The Revitalization Act vested the USPC with the sole authority to administer the District of Columbia parole system on August 5, 1998. *See* The National Capital Revitalization and Self-Government Improvement Act, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, *codified at* District of Columbia Code § 24-131(a)(1)(2001)("Not later than one year after August 5, 1997, the United States Parole Commission shall assume the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole. . .."). Thus, the USPC is responsible for making parole release decisions for all eligible District of Columbia Code felony offenders, including Petitioner. The USPC must follow the parole laws and rules of the District of Columbia as amended and supplemented by the USPC. The USPC has amended the parole rules and guidelines of the District of Columbia. *See* 28 C.F.R. §§ 2.80, *et seq.*; *see also* <u>Muhammad v. Mendez</u>, 200 F.Supp.2d 466, 469-70 (M.D. Pa. 2002). The USPC has prescribed the procedure it employs with respect to District of Columbia Code offenders at 28 C.F.R. §§ 2.70, *et seq.*

The undersigned finds no evidence supporting Petitioner's claim under § 2241 that he is in custody in violation of the Constitution or laws of the United States. Petitioner was released on parole on June 4, 2004, pursuant to the May 19, 2004, Certificate of Mandatory Parole or Mandatory Release. Exhibit C-1 attached to Respondent's Response (Document No. 13.). The Certificate indicated that Petitioner's full term date was May 3, 2006, and 698 days were "remaining to be served to his full term date or 180 day date . . .." Petitioner signed the Certificate acknowledging that he understood that he was to report for supervision pursuant to the Conditions of Release attached to the Certificate. Petitioner's release on June 4, 2004, was in conformity with 28 C.F.R. § 2.87(b).

11

Thereafter, Petitioner was alleged to have violated the Conditions of Release, and was returned into custody. He was afforded every opportunity procedurally to challenge the allegations and claimed that he did not know that he continued on parole after his June 4, 2004, release. His claim was examined and rejected at every procedural level. Petitioner's release on parole was duly and properly revoked following the final revocation hearing on June 1, 2005, and his claims to the contrary are without merit.

Petitioner's claim respecting his placement for supervision in a sex offender unit is not cognizable under § 2241 in the first place because he was under supervision at the time. He was not in custody, and there is no indication that his sentence was extended beyond its full term in conjunction with his placement in that unit. Petitioner's reliance upon 28 C.F.R. § 2.91(b) as quoted *supra* is misplaced. That regulation applies to transfers between districts of supervision and does not apply to administrative designations of parolees to specific units for supervision.

It is further clear that the law permits the revocation of good time and "street time" credit which  Petitioner earned. "Good time" credits are generally earned while a person is in custody. "Street time" credits are earned while a person is released on parole. D.C. Code § 24-431(a) states that "[e]very person shall be given credit on the maximum and minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed." D. C. Code § 24-206(a) provides that "[i]f the order of parole shall be revoked, . . . [t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a) provides that, if parole is revoked, "the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody." *See* McRae v. D.C. Parole Board, 2002 WL

32388337 (E.D.Va.), *dismissed*, 46 Fed.Appx. 207 (4th Cir. (Va.) September 23, 2002). In <u>Noble v. United States Parole Commission</u>, 82 F.3d 1108, 1109 (D.C. Cir. 1996), the United States Court of Appeals for the District of Columbia certified the question to the District of Columbia Court of Appeals whether the USPC properly interpreted §§ 24-206(a) and 24-431(a) in deciding that, after revocation of a person's parole, time which the person spent on parole before revocation could not be credited against his sentence. The District of Columbia Court of Appeals answered "yes." <u>U.S. Parole Commission v. Noble</u>, 693 A.2d 1084, 1104 (D.C. Apr. 17, 1997). Furthermore, no Thirteenth Amendment violation is implicated because the Thirteenth Amendment does not apply to "a punishment for crime whereof the party shall have been duly convicted" and there is no question that, whether in custody or on parole, Petitioner has been subject to such a punishment.

Finally, there is no evidence supporting Petitioner's claim that the USPC has improperly extended his sentence along with the sentences of other D.C. Code felony offenders in order to justify its continuance. Rather, it is clearly evident that the USPC acted fully within applicable statutory and regulatory guidelines in considering Petitioner's circumstances and claims.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDED** that the District Court **DENY** Petitioner's Petitioner for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 1.), **DISMISS** this action and **REMOVE** it from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing

13

of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and mail a copy to Petitioner, who is acting *pro se*, and counsel of record.

Date: April 24, 2006.

R. Clarke VanDervort
United States Magistrate Judge