IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CURTIS E. CRAWFORD,

      Petitioner,

v.             CIVIL ACTION NO. 5:05-cv-00744

CHARLES FELTS, Warden,

      Respondent.

**ORDER**

   Petitioner *pro se* Curtis E. Crawford ("Petitioner") brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By Order dated September 9, 2005, this Court referred petitioner's application to Magistrate Judge R. Clark VanDervort for proposed findings of fact and a recommendation ("PF&R"). [Docket No. 3]. On April 24, 2006, Judge VanDervort issued a PF&R recommending the dismissal of petitioner's application with prejudice. [Docket No. 17]. This Court **ADOPTS** Judge VanDervort's recommendation **IN PART** and **REMANDS IN PART**.

   On May 1, 2006, petitioner filed written objections to Judge VanDervort's PF&R [Docket No. 19] and moved for his release pending the disposition of this petition. [Docket No. 20]. On May 3, 2006, petitioner also filed for leave to amend and supplement his May 1, 2006 written objections. [Docket No. 21].

   Upon careful review of the PF&R and petitioner's objections, the Court finds little merit in petitioner's statement that he was unaware of his duty to report for supervision after he was

released from custody on June 4, 2004. The record reflects that petitioner signed a Certificate of Mandatory Parole on May 19, 2004, which specifically states that he was "on supervision" until May 3, 2006. [Docket No. 17 p.6-7]. Petitioner signed this document with full acknowledgment of its terms, and has failed to provide this Court with any evidence of its alleged "fabrication." Id. Moreover, if petitioner was uncertain about his duty to report for supervision, any such doubt was eliminated when he reported for supervision on June 17, 2006. [Docket No. 17 p.8].

The Court finds that petitioner's claims for "street time" and "good-time" credits are not viable under McRae v. D.C. Parole Bd., No. 3:01-cv-00283, 2002 WL 32388337, at *1-2 (E.D. Va. May 13, 2002); aff'd per curiam 46 Fed. Appx. 207 (4th Cir. 2002) (revocation of "street time" and "good-time" credits lawful where petitioner violates specified terms of supervision). Petitioner's claim under the Thirteenth Amendment is equally futile because he predicates that claim upon deprivation of "street time" credits, which were lawfully revoked when petitioner failed to meet the terms of his supervision. See McRae 2002 WL 32388337, at *2.

The petitioner also alleges that his assignment to a sex offender unit for supervision was unlawful. Dismissal of this claim is recommended in the PF&R on the ground that the petitioner was not "in custody" at the time he was assigned to the unit and therefore his claim is not cognizable under 28 U.S.C. § 2241. The United States Supreme Court, however, has held that a petitioner need not be in physical custody to seek relief under § 2241. Jones v. Cunningham, 371 U.S. 236, 237 (1963). Although the Jones Court analyzed whether a parolee was "in custody" within the meaning of the federal habeas corpus statute, the restraints imposed on petitioner's liberty while under supervision are indeed similar, and may have resulted in his being "in custody" under § 2241, pursuant to the reasoning contained in Jones. 371 U.S. at 237.

Thus, the Court **DISMISSES** each of petitioner's claims contained in his petition

[Docket No. 1], with the exception of the claim addressing petitioner's assignment to the sex offender unit while under supervision. This claim is **REMANDED** to Judge VanDervort for a recommendation consistent with this opinion. The Court further **GRANTS** petitioner's motion to supplement his objections [Docket No. 21], but only insofar as those objections address the claim remanded to Judge VanDervort. Petitioner's objections must be submitted to this Court no later than ten days from the date of receipt of this opinion.

   The Court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record, any unrepresented party and Magistrate Judge VanDervort.

   **IT IS SO ORDERED.**

            ENTERED: October 10, 2006

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE