IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **CURTIS E. CRAWFORD,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Civil Action Nos. 5:05-0744 |
| | ) 5:05-0815 |
| **TODD R. CRAIG,**[1] | ) |
| **Warden, FCI Beckley,** | ) |
| | ) |
| **Respondent.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On September 9, 2005, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) As grounds for claiming entitlement to relief under Section 2241, Petitioner states as follows:

1. Unlawful revoking of parole on June 4, 2004. Petitioner Crawford was released on mandatory release with release paper approved by U.S. Parole Commission which showed full term November 4, 2004.

2. Unlawful placement in sex offender unit. When Petitioner was released on June 4, 2004, he had no special condition; yet, he was illegally placed in sex offender unit by D.C. Parole authority.

3. Unlawful taking of 'street time'. Where Petitioner was forced out of prison and on mandatory release without signing paper, the taking of street time and good time was improper.

---

[1] When Petitioner filed this civil action, Charles T. Felts was serving as the Warden of FCI Beckley. Todd R. Craig, however, has since been designated as the Warden. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd R. Craig is substituted as the party Respondent in this civil action.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> 4.  It was not the intent of the U.S. Congress that D.C. inmates' sentences be extended by the U.S. Parole Commission to the sole purpose of keeping its doors open after the U.S. Congress abolished the agency and temporarily allows it to handle D.C. Parole.

(Document No. 1, p. 7.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) The undersigned filed Proposed Findings and Recommendation on April 24, 2006, recommending that the District Court dismiss Petitioner's Petition filed under Section 2241. (Document No. 17.) On May 1, 2006, Petitioner timely filed objections. (Document No. 19.) By Memorandum Opinion and Judgment Order entered on October 10, 2006, the District Court adopted the undersigned's recommendations in part and referred this matter back to the undersigned for further consideration of Petitioner's claim that he was unlawfully assigned to a sex offender unit while on parole. (Document No. 26.) The District Court stated as follows:

> [P]etitioner . . . alleged that his assignment to a sex offender unit for supervision was unlawful. Dismissal of this claim is recommended in the PF&R on the ground that petitioner was not 'in custody' at the time he was assigned to the unit and therefore his claim is not cognizable under 28 U.S.C. § 2241. The United States Supreme Court, however, has held that a petitioner need not be in physical custody to seek relief under § 2241. Jones v. Cunningham, 371 U.S. 236, 237 (1963). Although the Jones Court analyzed whether a parolee was 'in custody' within the meaning of the federal habeas corpus statute, the restraints imposed on petitioner's liberty while under supervision are indeed similar, and may have resulted in his being 'in custody' under § 2241, pursuant to the reasoning contained in Jones, 371 U.S. at 237.

(Id.) Following a thorough examination of the record in light of the District Court's ruling, the undersigned determined that the parties had not submitted sufficient factual information and legal authority in support of their positions. On October 12, 2006, the undersigned ordered the parties to file a supplemental brief in support of their positions. (Document No. 27.) Petitioner, however, was

2

released from custody on September 29, 2006, and neither party filed a supplemental brief.

## FACTUAL HISTORY

Petitioner was convicted of second degree murder and sentenced to three to twenty years in prison in 1972. See Exhibit A attached to Respondent's Response (Document No. 13); Crawford v. Jackson, 323 F.3d 123, 124 (D.C. Cir. 2003), cert. denied, 540 U.S. 856, 124 S.Ct. 150, 157 L.Ed.2d 102 (2003.)[3] It appears that Petitioner was convicted of charges of assault and destruction of property and sentenced to twelve to thirty-six months in prison in 1980. See Exhibit B attached to Respondent's Response. The United States Court of Appeals for the District of Columbia stated in Crawford v. Jackson, 323 F.3d at 124, that Petitioner "has violated parole on numerous occasions." The Crawford Court stated that Petitioner was paroled on November 14, 1996, and arrested on February 4, 1999, on charges that he committed an aggravated assault. Id. It appears that Petitioner was held for a period of time after his arrest at the District of Columbia's Correctional Complex in Lorton, Virginia, and transferred to FCI Petersburg, Virginia, in 2000. Crawford, 323 F.3d at 125. Pursuant to a "Certificate of Mandatory Parole or Mandatory Release District of Columbia Code Offender" dated May 19, 2004, Petitioner was released again on parole from FCC Petersburg on June 4, 2004. The Certificate indicates that Petitioner's "release was via Mandatory Release" and not Mandatory Parole and his full-term date minus 180 days was May 3, 2006.[4] The Certificate

---

[3] It appears from Respondent's Exhibit A that Petitioner pled guilty to second degree murder. The D.C. Circuit indicates, however, that he was convicted by a jury.

[4] 28 C.F.R. § 2.87(b) provides as follows respecting Mandatory Release:

Any prisoner having served his or her term or terms less deduction for good time shall, upon release, be deemed to be released on parole until the expiration of the maximum term or terms for which he or she was sentenced, except if the offense of conviction was committed before April 11, 1987, such expiration date shall be less

states that "[u]pon release, the above-named person is to remain under the jurisdiction of the United States Parole Commission, as if on parole, under the conditions set forth on the reverse side of this certificate, and is subject to such conditions until and including: * * * 05-03-2006." The Certificate further states that "[t]he above-named person was released on the 04 day of June, 2004 with the total of 698 days remaining to be served to his full term date or 180 day date as indicated above." Petitioner signed the Certificate and in doing so acknowledged that "I have read, or had read to me, the conditions of release printed on the attached conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any of these conditions, I may be recommitted." The Conditions of Release clearly indicate that Petitioner was to report for supervision. The last of the sixteen Conditions of Release required that "[i]f you have been convicted of any sexual offense under District of Columbia or federal law . . ., you must report for registration in your state (including the District of Columbia) sex offender registration agency . . .." See Exhibit C-1 attached to Respondent's Response.

In an Alleged Violation(s) Report dated March 8, 2005, Petitioner was charged with four violations of his parole: (1) failure to report as directed; (2) illegally possessing, using, selling or purchasing a narcotic drug, controlled dangerous substance or related paraphernalia; (3) failure to cooperate with supervision; and (4) failing to submit to the District of Columbia Court Service and Offender Supervision Agency's [CSOSA's] graduated sanctions. An expedited Parole Violator Warrant was requested, approved and issued. See Exhibits D and E-1 through E-3 attached to Respondent's Response. Petitioner was arrested on March 25, 2005, and a probable cause hearing

---

one hundred eighty (180) days. Every provision of these rules relating to an individual on parole shall be deemed to include individuals on mandatory release.

was held on March 29, 2005. Petitioner offered "no comment" to the charges that he violated the conditions of his release on parole, and the hearing examiner found probable cause. It appears that Petitioner complained that he had been placed in a sex offender unit with no explanation for it at the hearing. See Exhibit F attached to Respondent's Response. A final revocation hearing was held on June 1, 2005, with Petitioner represented by counsel. Petitioner's counsel objected to the proceedings claiming that Petitioner did not know he was on parole after he was released on June 4, 2004. The Hearing Summary states the decision of the hearing examiner in view of Petitioner's counsel's objection as follows:

> The subject believed his full term date was 11/4/04 and the 180-day rule applied to him. This appears to be inaccurate in that the parole certificate of mandatory release indicates that the subject was released on 6/4/04 but his full term date minus 180 days was 5/3/06, as documented on the mandatory certificate dated 5/19/04. The subject's attorney provided a notice of release in arrival form that the inmate did not sign, which indicated yes supervision was to follow. However, there is another document which is a notice of release in arrival that shows that subject was not going to be on supervision upon his release. These documents are in conflict with each other regarding supervision. However, a reporting instructions sheet provided by CSOSA indicates that the subject was immediately required to report for supervision that information is dated 5/27/04. This examiner overruled the objection for the simple fact that the certificate of mandatory parole, which is signed by the subject on 5/19/04, indicates that he knew he was on supervision until 5/3/06.

See Exhibit G attached to Respondent's Response. Petitioner's mandatory release was revoked, and he was not credited with the time he spent on mandatory release. See Exhibit H attached to Respondent's Response. Petitioner's sentence was recalculated, which resulted in a later Mandatory Release date of October 6, 2006, with a full term date of February 20, 2007. See Exhibit G attached to Respondent's Response.

Petitioner appealed claiming that the Parole Commission did not follow correct procedures in deciding his case; he did not know that he was required to report for supervision after he was released

from custody on November 4, 2004; his attorney at the revocation hearing was ineffective; he was illegally placed in the sex offender supervision unit with CSOSA; and his sentence computation was in error. The National Appeals Board found that none of his claims had merit. The Appeals Board stated that "[t]he record shows that, before your release, you signed a mandatory release certificate acknowledging the conditions of release, which included reporting for supervision. Any defect in that notice because of conflicting information in other documents prepared by the Bureau of Prisons or the supervision agency was cured when you reported for supervision on June 17, 2004 and your supervision officer discussed the conditions of supervision." Respecting Petitioner's claim that he was illegally assigned to the sex offender supervision unit, the Appeals Board stated "[t]he decision to assign releases to a particular unit is at the discretion of the supervision agency." See Exhibit I attached to Respondent's Response.

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of

Petitioner's release from custody, the Respondent can no longer provide the requested relief.[5] Consequently, the Court can no longer consider Petitioner's Petition for Writ of Habeas Corpus.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction - - must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed.[6] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS as moot** Petitioner's Section 2241 Application (Document No. 1.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule

---

[5] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on September 29, 2006. The undersigned notes that Petitioner's revised mandatory release date was October 6, 2006, and his full term date was February 20, 2007. (Document No. 13-12, Exhibit G.)

[6] Petitioner requests reinstatement to mandatory release.

6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se*.

ENTER: February 3, 2009.

R. Clarke VanDervort
United States Magistrate Judge