IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CURTIS E. CRAWFORD,

    Petitioner,

v.          CIVIL ACTION NOS.  5:05-cv-00744
                         5:05-cv-00815

TODD R. CRAIG,[1]

    Respondent.

**MEMORANDUM OPINION AND ORDER**

On September 9, 2005, Petitioner filed a Petition for Writ of Habeas Corpus [Docket 1] pursuant to 28 U.S.C. § 2241. By Standing Order entered on July 21, 2004, and filed in this case on September 9, 2005, the matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B). On April 17, 2006, the case was reassigned to the undersigned United States District Judge. Magistrate Judge VanDervort filed his initial PF&R on April 24, 2006, which this Court adopted in part and remanded in part for further consideration. On September 6, 2006, this case was consolidated with Civil Action No. 5:05-cv-00815 for purposes of the PF&R.[2] After further briefing, Magistrate Judge VanDervort filed a second PF&R [Docket 32], in which he

---

[1] Since the filing of this action, Todd R. Craig has succeeded Charles T. Felts as the Warden of FCI Beckley. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd R. Craig is automatically substituted as a party.

[2] Citations to Docket numbers in this Order will be to the lead case, No. 5:05-cv-00744.

recommended that the Court **DISMISS AS MOOT** Petitioner's § 2241 application and remove the matter from the docket.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In this case, Objections to the PF&R were due by February 23, 2009. Petitioner timely filed his objections on February 19, 2009, and the matter is now ripe for the Court's consideration.

In the PF&R, Magistrate Judge VanDervort found that Petitioner's § 2241 petitions are moot by virtue of his release from custody and the absence of any collateral consequences. Accordingly, he recommended that the petitions be dismissed as moot. In his objections, Petitioner neglects to address that finding. Rather, Petitioner merely re-alleges many of the claims stated in his original petitions. Because Petitioner's objections are general and conclusory in nature and fail to address the magistrate judge's finding that his case is moot, his Objections [Dockets 33 and 34] are **OVERRULED**.

Accordingly, the Court **ADOPTS** the PF&R [Docket 32], **DISMISSES AS MOOT** both of Petitioner's Applications for Writ of Habeas Corpus [Docket 1 in No. 5:05-cv-00744; Docket 1 in

No. 5:05-cv-00815], and **DIRECTS** the Clerk to remove both cases from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

    **IT IS SO ORDERED.**

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    March 3, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE